IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PEDRO CAMPOSANO,** on Behalf of Himself and on Behalf of Others Similarly Situated**,** § § § | | CA No._____ |
| Plaintiff, § | | |
| v. § | | |
| § | | JURY DEMANDED |
| **SCARLET N GREY LLC, INFINITY- TEXAS DEVELOPMENT, INC, DONALD TANDY, TRACY TANDY and DAVID ANTONIONO,** § § § § | | |
| Defendants. § | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### 1. SUMMARY

1.1. Defendants, SCARLET N GREY LLC, INFINITY TEXAS DEVELOPMENT, INC., DONALD TANDY, TRACY TANDY and DAVID ANTONIONO ("Defendants"), failed to pay Plaintiff, PEDRO CAMPOSANO, ("Plaintiff") and its other ranch hands for all hours worked and also failed to pay appropriate overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2 Plaintiff, Pedro Camposano, and the similarly situated individuals he seeks to represent, are current and former employees of Defendants who worked as ranch hands within the last three years (hereinafter referred to as "Class Members").

1.3 Defendant's pay practices and policies applied not only to Plaintiff, but also to all Class Members. Therefore, Plaintiff brings this suit on behalf of himself and other similarly situated ranch hands.

## 2. JURISDICTION

2.1. This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3. VENUE

3.1. Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## 4. PARTIES

4.1. Plaintiff, Pedro Camposano, lives in the Southern District of Texas. Plaintiff was a former employee of Defendants as a ranch hand. Plaintiff worked for Defendants as a ranch hand from approximately July 1, 2015 to September 21, 2016. His written consent to join this lawsuit is attached hereto as Exhibit 1.

4.2. The class of similarly situated employees consists of all ranch hands who worked for Defendants within the last three years (hereinafter referred to as the "Class Members").

4.3. Defendant Scarlet N Grey, LLC is an employer qualified to do business in Texas. Defendant Scarlet N Grey is liable as Plaintiffs' "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant Scarlet N Grey can be served by, serving its Registered Agent for Service of Process, Hil & Don Properties, L.P., 32100 Dobbin Huffsmith Road, Magnolia, Texas 77354.

4.4. Defendant Infinity –Texas Development, Inc. is an employer qualified to do business in Texas. The paystubs received by Plaintiff during his employment were from Defendant IDT therefore it is included as a Defendant in this FLSA action. Defendant IDT can be served by serving its Registered Agent for Service of Process, David M Antoniono,

33300 Egypt Lane, #D-100, Magnolia, Texas 77354.

4.5. Defendant Donald Tandy is an individual who owns and operates Defendant, Scarlet N Grey, LLC. Mr. Tandy is an owner and shareholder of Scarlet N Grey. Mr. Tandy set the working conditions and pay rates of Plaintiff and the other ranch hands. Mr. Tandy is liable as Plaintiffs' "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Mr. Tandy may be served at 32100 Dobbin Huffsmith Road, Magnolia, Texas 77354.

4.6. Defendant Tracy Tandy is an individual who owns and operates Defendant, Scarlet N Grey LLC. Ms. Tandy is an owner and/or shareholder of Scarlet N Grey. Ms. Tandy set the working conditions and pay rates of Plaintiff and the other ranch hands. Ms. Tandy is liable as Plaintiffs' "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Ms. Tandy may be served at 32100 Dobbin Huffsmith Road, Magnolia, Texas 77354.

4.7. Defendant David Antoniono is an individual who owns and operates Defendant IDT. Mr. Antoniono is an owner and/or shareholder of IDT. Accordingly, Mr. Antoniono is liable as Plaintiffs' employer under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Mr. Antoniono may be served at 33300 Egypt Lane, #D-100, Magnolia, Texas 77354.

## 5. FLSA COVERAGE

5.1 At all times relevant to this dispute, Defendants are enterprises within the meaning of the FLSA. 29 U.S.C. §203(r).

5.2 At all times relevant to this dispute, Defendants are enterprises that engage in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C.

§203(s)(1).

5.3 At all times relevant to this dispute, Defendants had/have annual gross sales in excess of $500,000.00.

5.4 At all times relevant to this dispute, Plaintiff and the Class Members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6. BACKGROUND FACTS

6.1 Defendant Scarlet N Grey (d/b/a as Scarlet & Grey Farms) is an equestrian facility that offers boarding and care for horses and horse training services. Donald Tandy is the owner of Scarlet N Grey located at 31626 Dobbin Hufsmith Rd., Magnolia, Texas 77354. Tracy Tandy assists in the day to day operations of the ranch including but not limited to managing, instructing and supervising Plaintiff and other ranch hands.

6.2 Plaintiff worked as a ranch hand for Scarlet N Grey from July 1, 2015 to September 21, 2016. He was paid the same amount each week. Plaintiff was told he would be paid $13.00 per hour when he began his employment. He received the same amount of pay no matter how many hours he worked.

6.3 Defendants dictated what hours Plaintiff worked, provided the tools for him to do his job, told him what work he was required to complete and the specifications on how the work was to be completed. Plaintiff worked approximately fifty-four (54) hours per week during his employment with Defendants.

6.4 Defendants controlled all of the conditions of Plaintiff's employment. Defendants determined Plaintiff's pay rate, the schedule he worked, and the policies and procedures Plaintiff and the other Class Members were required to follow.

6.5   As a ranch hand Plaintiff's primary duties included, taking care of the horses on the ranch mowing the lawn and completing other landscaping type work on the property.

6.6   Plaintiff and Class Members did not have authority to hire or fire any of Defendants' employees and did not have authority to set pay.

6.7   As a ranch hand, Plaintiff and Class Members regularly worked more than forty (40) hours per workweek. Specifically, a typical work schedule required Plaintiff to work more than 50-55 hours per week. Neither he nor any of the other Class Members had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices. Moreover, Plaintiff and the Class Members did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.8   Plaintiff and the Class Members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.9   Defendant improperly classified Plaintiff and the Class Members as independent contractors. However, Defendant required Plaintiff to follow certain rules of employment. Plaintiff and the Class Members were assigned their work by Defendants and reported to a supervisor. Plaintiff was misclassified as an independent contractor and was in fact an employee of Defendants throughout the time he worked as a ranch hand.

6.10    Plaintiff and the Class Members worked over forty hours per work week and Defendants failed to pay Plaintiff and the Class Members the correct overtime rate.

6.11    There was no clear mutual understanding or agreement between Defendants and Plaintiff or the Class Members that they would be paid using the fluctuating work week method of pay and how that method works, nor did Defendant pay them a fixed rate. Thus, Defendants are not entitled to utilized the FWW method of pay when determining the regular rate of pay for Plaintiff or Class Members because the amount of compensation it paid to them varied.

## 7.    COLLECTIVE ACTION ALLEGATIONS

7.1    Plaintiff brings this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of himself and all other persons employed by Defendant as ranch hands within three (3) years from the filing of this suit who, like Plaintiff, (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) in a single work week.

7.2    Defendants classified/classifies and paid/pays all of its ranch hands in the manner described above. Defendant maintained a common pay practice or policy and the Class Members are similarly situated to Plaintiff.

7.3    Defendants' ranch hands all perform the same essential job functions and duties of taking care of the horses on the ranch and performing lawn mowing and/or landscaping related work on the property notwithstanding the fact that one employee might have more tenure or experience than another employee in the same or similar position. Therefore, the Class Members are similarly situated to Plaintiff.

7.4 Plaintiff worked with one other ranch hand during his employment who performed the same duties but is aware of other ranch hands who have worked for Defendants within the past three years performing the same duties, working over 40 hours per work week, and not receiving overtime compensation.

7.4 The damages for each individual can easily be calculated using the same methodology and formula although the exact amount of the damages may vary.

7.5 Defendants possess the names and addresses of Class Members in its records. The Class Members should be allowed to receive notice about this lawsuit and given an opportunity to join. Like Plaintiff, these similarly situated workers are entitled to recover their unpaid wages, overtime wages, liquidated damages, attorneys' fees and other damages. Therefore, notice is appropriately sent to the following class:

> **All ranch hands that worked for Defendants at any time from [three years before date of mailing of Notice and Consent] up to [the date of mailing of Notice and Consent].**

## 8. CAUSES OF ACTION

8.1 Plaintiff incorporates the allegation in the preceding paragraphs.

8.2 Defendants misclassified Plaintiff and the Class Members as independent contractors, failed to pay them wages for all hours worked and failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

8.3 Defendants' failure to pay overtime wages to Plaintiff and the Class Members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiff's and the Class Members' damages in this case.

8.4	Plaintiff and the Class Members are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. §216(b).

## 9. JURY DEMAND

9.1	Plaintiff hereby demands a trial by jury.

## 10. PRAYER

10.1	Plaintiff respectfully requests that judgment be entered against Defendants, awarding him and all similarly situated employees:

    10.1.1	Unpaid wages for all hours work during the period specified herein.

    10.1.2	Overtime compensation for all hours worked in excess of forty (40) per work week at the rate of one and a half times his regular rate of pay;

    10.1.3	An equal amount of liquidated damages;

    10.1.4	Order Defendant to pay reasonable costs and attorney's fees in this action; and,

    10.1.5	Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)

Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF